

DOCKET NO. 1135

# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE EXTERIOR INSULATION FINISH SYSTEM (EIFS) PRODUCTS LIABILITY LITIGATION

*Toll Bros., Inc. v. Dryvit Systems, Inc., et al.,* E.D. North Carolina, C.A. No. 5:03-175
(D. Connecticut, C.A. No. 3:02-2109)

## BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL

### REMAND ORDER

This matter is before the Panel on defendant Dryvit Systems, Inc.'s motion, pursuant to 28 U.S.C. § 1407(a) and Rule 7.6, R.P.J.P.M.L., 199 F.R.D. 425, 436-38 (2001), to vacate the Panel's order conditionally remanding this action to the District of Connecticut. Defendant Imperial Stucco, Inc., supports this motion. Alternatively, defendants ask that the Panel's remand order be amended to permit them to conduct certain additional case-specific fact discovery to be supervised by the Connecticut transferor court after Section 1407 remand. Plaintiff has not responded to the motion.

On the basis of the papers filed and hearing session held, the Panel finds that remand of this action is appropriate. Under 28 U.S.C. § 1407, the Panel is obligated to remand a transferred action, like the one at bar,[1] at the conclusion of coordinated or consolidated pretrial proceedings unless it is then or previously terminated in the transferee district.[2] Whether Section 1407 remand is appropriate for an action in any particular multidistrict docket is based upon the totality of circumstances involved in that docket.

The Panel's Rules of Procedure provide that the Panel shall consider the question of remand on the motion of any party, on the suggestion of the transferee court or on the Panel's own initiative. Rule [7.6(c)], R.P.J.P.M.L., [199] F.R.D. [425, 437 (2001)]. In considering the question of remand, the Panel has consistently given great weight to the transferee judge's determination that remand of a particular action at a particular time is appropriate because the transferee judge, after all, supervises the day-to-day pretrial proceedings. *See, e.g., In re IBM Peripheral EDP Devices Antitrust Litigation,* 407

---

[1] Actions brought under Section 4C of the Clayton Act may be transferred by the Panel for trial as well as pretrial. 28 U.S.C. § 1407(h).

[2] *Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, et al.,* 523 U.S. 26, 118 S.Ct. 956, 140 L.Ed.2d 62 (1998).

- 2 -

F.Supp. 254, 256 (J.P.M.L. 1976). The transferee judge's notice of suggestion of remand to the Panel is obviously an indication that he perceives his role under Section 1407 to have ended. *In re Air Crash Disaster Near Dayton, Ohio, on March 9, 1967*, 386 F.Supp. 908, 909 (J.P.M.L. 1975).

*In re Holiday Magic Securities and Antitrust Litigation*, 433 F.Supp. 1125, 1126 (J.P.M.L. 1977).

In the matter now before us, the transferee judge has determined that Section 1407 remand of this action is appropriate. We agree with his assessment. The Panel leaves to the discretion of the transferor judge whether additional case-specific discovery is appropriate in this action.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, this action is remanded from the Eastern District of North Carolina to the District of Connecticut.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman