## SETTLEMENT AGREEMENT AND RELEASES

JPA

SEP 1 8 2006

THIS SETTLEMENT AGREEMENT AND RELEASES (the "Agreement") is made as

of the ____ day of August 2006 by and among Toll Bros., Inc. ("Toll Bros."), Dryvit Systems,

Inc. ("Dryvit"), Imperial Stucco, Inc. ("Imperial Stucco"), Gill Levesque ("Levesque") and

Imperial Stucco, LLC ("Imperial Stucco LLC") (collectively, the "Parties").

WHEREAS, Toll Bros. commenced suit against Dryvit, Imperial Stucco, Imperial

Stucco, LLC and Levesque in the Superior Court of Connecticut, captioned Toll Bros., Inc. v.

Dryvit Systems, Inc., et al., Docket No, CV-02-0398076-S (the "Action"); and

WHEREAS, the Action was removed to the United Sates District Court for the District of

Connecticut [Docket No. 3:02 CV 2109 (SRU)], and thereafter transferred by Order of the

Judicial Panel on Multidistrict Litigation to the United States District Court for the Eastern

District of North Carolina (MDL-1132; No. 5:03-CV-175-BR); and

WHEREAS, Dryvit, Imperial Stucco, Imperial Stucco LLC and Levesque denied the

material allegations asserted against them in the Action; and

WHEREAS, the Parties conducted discovery in the Action; and

WHEREAS, summary judgment was granted in favor of defendants Dryvit, Imperial

Stucco, Imperial Stucco, LLC and Levesque by the Honorable Earl Britt, U.S.D.J. by Order filed

on July 13, 2004, and

WHEREAS, the United States Court of Appeals for the Fourth Circuit affirmed in part

and revered in part the decision and Order of the Hon. Earl Britt; and

WHEREAS, the Action was transferred back to the United States District Court for the

District of Connecticut for the completion of discovery and trial; and

WHEREAS, the Parties now desire to settle their disputes;

NOW, THEREFORE, in consideration of the foregoing premises and the respective mutual promises, covenants, agreements and representations hereinafter set forth, the Parties hereto agree as follows:

1.    Dryvit shall pay Toll Bros. the total sum of forty five thousand dollars ($45,000) within thirty (30) days of the date of this Agreement, in full and final settlement of all claims against Dryvit, Imperial Stucco, Imperial Stucco LLC and Levesque. Payment shall be made by check payable to "Cozen & O'Conner, attorneys for Toll Bros.

2.    Toll Bros., for itself and its predecessors, successors, affiliates, subsidiaries, divisions, assigns, agents, officers, directors, shareholders, attorneys and current and former employees, hereby irrevocably releases, acquits and forever discharges Dryvit, Imperial Stucco, Imperial Stucco LLC and Levesque, and their predecessors, parent companies, subsidiaries, divisions, affiliates, successors, assigns, agents, officers, directors, shareholders, attorneys and current and former employees from any and all charges, complaints, claims, actions, causes of action, promises, agreements, demands, losses, damages and expenses (including attorneys' fees and costs actually incurred), of any nature whatsoever which Toll Bros. now has, owns or holds, or claims to have, own or hold, or which Toll Bros. at any time heretofore had owned or held or claimed to have had, owned or held, or which Toll Bros. may hereafter discover, whether known or unknown, as against Dryvit, Imperial Stucco, Imperial Stucco LLC and Levesque, relating to any act, conduct, transaction, dealing or omission occurring prior to this date. Without limiting the generality of foregoing, Toll Bros. specifically releases, acquits and discharges Dryvit, Imperial Stucco, Imperial Stucco LLC and Levesque of any claims, causes of action, injunctions, damages and losses, which have or could have been asserted in or in connection with the Action.

-2-

3.    Imperial Stucco, Imperial Stucco LLC and Levesque, for themselves and their predecessors, successors, affiliates, subsidiaries, divisions, assigns, agents, officers, directors, shareholders, attorneys and current and former employees, hereby irrevocably release, acquit and forever discharge Dryvit, and its predecessors, parent companies, subsidiaries, divisions, affiliates, successors, assigns, agents, officers, directors, shareholders, attorneys and current and former employees from any and all charges, complaints, claims, actions, causes of action, promises, agreements, demands, losses, damages and expenses (including attorneys' fees and costs actually incurred), of any nature whatsoever which Imperial Stucco, Imperial Stucco LLC and Levesque now have, own or hold, or claim to have, own or hold, or which Imperial Stucco, Imperial Stucco LLC and Levesque at any time heretofore had owned or held or claimed to have had, owned or held, or which Imperial Stucco, Imperial Stucco LLC and Levesque may hereafter discover, whether known or unknown, as against Dryvit, relating to any act, conduct, transaction, dealing or omission which have or could have been asserted in or in connection with the Action.

4.    Dryvit, for itself and its predecessors, successors, affiliates, subsidiaries, divisions, assigns, agents, officers, directors, shareholders, attorneys and current and former employees, hereby irrevocably releases, acquits and forever discharges Imperial Stucco, Imperial Stucco LLC and Levesque, and their predecessors, parent companies, subsidiaries, divisions, affiliates, successors, assigns, agents, officers, directors, shareholders, attorneys and current and former employees from any and all charges, complaints, claims, actions, causes of action, promises, agreements, demands, losses, damages and expenses (including attorneys' fees and costs actually incurred), of any nature whatsoever which Dryvit now has, owns or holds, or claims to have, own or hold, or which Dryvit at any time heretofore had owned or held or

- 3 -

claimed to have had, owned or held, or which Dryvit may hereafter discover, whether known or unknown, as against Imperial Stucco, Imperial Stucco LLC and Levesque, relating to any act, conduct, transaction, dealing or omission which have or could have been asserted in or in connection with the Action.

       5.    The Parties agree to keep confidential, and not to disclose, the terms and conditions of the settlement and this Agreement. Notwithstanding the foregoing, nothing contained herein is intended to or shall be construed to prevent any party from disclosing the terms and conditions of the settlement and this Agreement should it be compelled to do so by law. However, before any disclosure compelled by law is made, the party compelled shall provide the other party at least ten (10) days notice of its intent to make the disclosure, by facsimile and overnight mail to the attention of the person signing this Agreement on the other party's behalf, to allow the other party an opportunity to challenge or bar the disclosure.

       6.    Nothing contained or referred to herein, including without limitation the negotiation, execution and performance of this Agreement, shall constitute an admission or concession of liability or wrongdoing on the part of Dryvit, Imperial Stucco, Imperial Stucco LLC and Levesque, or an admission or acknowledgement of any allegation in the Action. Dryvit, Imperial Stucco, Imperial Stucco LLC and Levesque deny liability to Toll Bros. and all allegations made by Toll Bros. in the Action.

       7.    This Agreement is the final and complete expression of the agreement of the Parties on the subject matters set forth herein. None of the Parties is entering into this Agreement in reliance upon any oral or written promises, inducements, representations, understandings, interpretations or agreements other than those expressly contained in this Agreement. This Agreement may not be amended or modified except by a writing signed by the

Parties. No provision of this Agreement may be waived unless the waiver is in writing and signed by the Party charged to have made the waiver.

       8.     Upon payment to Toll Bros. of the amount set forth in ¶1 of this Settlement Agreement and Releases, Toll Bros. shall immediately file a Stipulation of Dismissal With Prejudice and Without Costs with the Court, and shall take whatever other action is necessary to confirm with the Courts that the Action has been settled and shall be dismissed with prejudice.

       9.     Each of the Parties represents and warrants that it has the full power and authority to enter into this Agreement. Each signatory to this Agreement who signs on behalf of a Party represents and warrants that he or she has the authority to sign on behalf of that Party.

      10.    Each Party represents and warrants that it was represented by competent counsel with respect to this Agreement and all matters covered by it, and has been fully advised by said counsel with respect to its rights and obligations.

      11.    The language and wording of this Agreement shall not be presumptively construed in favor of or against either of the Parties hereto. Each Party has had an opportunity to comment upon and make changes to this Agreement. This Agreement shall be fairly interpreted in accordance with its terms without any strict construction in favor of or against either party, and ambiguities shall not be interpreted against the drafting party.

Toll Bros., Inc.                                    Dryvit Systems, Inc.

By:_____              By:_____

Name:                                                Name:

Imperial Stucco, LLC                          Imperial Stucco, Inc.

By: _Angelo Carta_                            By:_____

Name: _Angelo Carta_                          Name:

_____
        Gill Levesque

189937.1

## SETTLEMENT AGREEMENT AND RELEASES

THIS SETTLEMENT AGREEMENT AND RELEASES (the "Agreement") is made as of the ____ day of August 2006 by and among Toll Bros., Inc. ("Toll Bros."), Dryvit Systems, Inc. ("Dryvit"), Imperial Stucco, Inc. ("Imperial Stucco"), Gill Levesque ("Levesque") and Imperial Stucco, LLC ("Imperial Stucco LLC") (collectively, the "Parties").

WHEREAS, Toll Bros. commenced suit against Dryvit, Imperial Stucco, Imperial Stucco, LLC and Levesque in the Superior Court of Connecticut, captioned Toll Bros., Inc. v. Dryvit Systems, Inc., et al., Docket No, CV-02-0398076-S (the "Action"); and

WHEREAS, the Action was removed to the United Sates District Court for the District of Connecticut [Docket No. 3:02 CV 2109 (SRU)], and thereafter transferred by Order of the Judicial Panel on Multidistrict Litigation to the United States District Court for the Eastern District of North Carolina (MDL-1132; No. 5:03-CV-175-BR); and

WHEREAS, Dryvit, Imperial Stucco, Imperial Stucco LLC and Levesque denied the material allegations asserted against them in the Action; and

WHEREAS, the Parties conducted discovery in the Action; and

WHEREAS, summary judgment was granted in favor of defendants Dryvit, Imperial Stucco, Imperial Stucco, LLC and Levesque by the Honorable Earl Britt, U.S.D.J. by Order filed on July 13, 2004, and

WHEREAS, the United States Court of Appeals for the Fourth Circuit affirmed in part and revered in part the decision and Order of the Hon. Earl Britt; and

WHEREAS, the Action was transferred back to the United States District Court for the District of Connecticut for the completion of discovery and trial; and

WHEREAS, the Parties now desire to settle their disputes;

NOW, THEREFORE, in consideration of the foregoing premises and the respective mutual promises, covenants, agreements and representations hereinafter set forth, the Parties hereto agree as follows:

1.     Dryvit shall pay Toll Bros. the total sum of forty five thousand dollars ($45,000) within thirty (30) days of the date of this Agreement, in full and final settlement of all claims against Dryvit, Imperial Stucco, Imperial Stucco LLC and Levesque. Payment shall be made by check payable to "Cozen & O'Conner, attorneys for Toll Bros.

2.     Toll Bros., for itself and its predecessors, successors, affiliates, subsidiaries, divisions, assigns, agents, officers, directors, shareholders, attorneys and current and former employees, hereby irrevocably releases, acquits and forever discharges Dryvit, Imperial Stucco, Imperial Stucco LLC and Levesque, and their predecessors, parent companies, subsidiaries, divisions, affiliates, successors, assigns, agents, officers, directors, shareholders, attorneys and current and former employees from any and all charges, complaints, claims, actions, causes of action, promises, agreements, demands, losses, damages and expenses (including attorneys' fees and costs actually incurred), of any nature whatsoever which Toll Bros. now has, owns or holds, or claims to have, own or hold, or which Toll Bros. at any time heretofore had owned or held or claimed to have had, owned or held, or which Toll Bros. may hereafter discover, whether known or unknown, as against Dryvit, Imperial Stucco, Imperial Stucco LLC and Levesque, relating to any act, conduct, transaction, dealing or omission occurring prior to this date. Without limiting the generality of foregoing, Toll Bros. specifically releases, acquits and discharges Dryvit, Imperial Stucco, Imperial Stucco LLC and Levesque of any claims, causes of action, injunctions, damages and losses, which have or could have been asserted in or in connection with the Action.

-2-

3.     Imperial Stucco, Imperial Stucco LLC and Levesque, for themselves and their predecessors, successors, affiliates, subsidiaries, divisions, assigns, agents, officers, directors, shareholders, attorneys and current and former employees, hereby irrevocably release, acquit and forever discharge Dryvit, and its predecessors, parent companies, subsidiaries, divisions, affiliates, successors, assigns, agents, officers, directors, shareholders, attorneys and current and former employees from any and all charges, complaints, claims, actions, causes of action, promises, agreements, demands, losses, damages and expenses (including attorneys' fees and costs actually incurred), of any nature whatsoever which Imperial Stucco, Imperial Stucco LLC and Levesque now have, own or hold, or claim to have, own or hold, or which Imperial Stucco, Imperial Stucco LLC and Levesque at any time heretofore had owned or held or claimed to have had, owned or held, or which Imperial Stucco, Imperial Stucco LLC and Levesque may hereafter discover, whether known or unknown, as against Dryvit, relating to any act, conduct, transaction, dealing or omission which have or could have been asserted in or in connection with the Action.

4.     Dryvit, for itself and its predecessors, successors, affiliates, subsidiaries, divisions, assigns, agents, officers, directors, shareholders, attorneys and current and former employees, hereby irrevocably releases, acquits and forever discharges Imperial Stucco, Imperial Stucco LLC and Levesque, and their predecessors, parent companies, subsidiaries, divisions, affiliates, successors, assigns, agents, officers, directors, shareholders, attorneys and current and former employees from any and all charges, complaints, claims, actions, causes of action, promises, agreements, demands, losses, damages and expenses (including attorneys' fees and costs actually incurred), of any nature whatsoever which Dryvit now has, owns or holds, or claims to have, own or hold, or which Dryvit at any time heretofore had owned or held or

-3-

claimed to have had, owned or held, or which Dryvit may hereafter discover, whether known or unknown, as against Imperial Stucco, Imperial Stucco LLC and Levesque, relating to any act, conduct, transaction, dealing or omission which have or could have been asserted in or in connection with the Action.

5.    The Parties agree to keep confidential, and not to disclose, the terms and conditions of the settlement and this Agreement.    Notwithstanding the foregoing, nothing contained herein is intended to or shall be construed to prevent any party from disclosing the terms and conditions of the settlement and this Agreement should it be compelled to do so by law.    However, before any disclosure compelled by law is made, the party compelled shall provide the other party at least ten (10) days notice of its intent to make the disclosure, by facsimile and overnight mail to the attention of the person signing this Agreement on the other party's behalf, to allow the other party an opportunity to challenge or bar the disclosure.

6.    Nothing contained or referred to herein, including without limitation the negotiation, execution and performance of this Agreement, shall constitute an admission or concession of liability or wrongdoing on the part of Dryvit, Imperial Stucco, Imperial Stucco LLC and Levesque, or an admission or acknowledgement of any allegation in the Action. Dryvit, Imperial Stucco, Imperial Stucco LLC and Levesque deny liability to Toll Bros. and all allegations made by Toll Bros. in the Action.

7.    This Agreement is the final and complete expression of the agreement of the Parties on the subject matters set forth herein.    None of the Parties is entering into this Agreement in reliance upon any oral or written promises, inducements, representations, understandings, interpretations or agreements other than those expressly contained in this Agreement.    This Agreement may not be amended or modified except by a writing signed by the

- 4 -

Parties. No provision of this Agreement may be waived unless the waiver is in writing and signed by the Party charged to have made the waiver.

8.     Upon payment to Toll Bros. of the amount set forth in ¶1 of this Settlement Agreement and Releases, Toll Bros. shall immediately file a Stipulation of Dismissal With Prejudice and Without Costs with the Court, and shall take whatever other action is necessary to confirm with the Courts that the Action has been settled and shall be dismissed with prejudice.

9.     Each of the Parties represents and warrants that it has the full power and authority to enter into this Agreement. Each signatory to this Agreement who signs on behalf of a Party represents and warrants that he or she has the authority to sign on behalf of that Party.

10.    Each Party represents and warrants that it was represented by competent counsel with respect to this Agreement and all matters covered by it, and has been fully advised by said counsel with respect to its rights and obligations.

11.    The language and wording of this Agreement shall not be presumptively construed in favor of or against either of the Parties hereto. Each Party has had an opportunity to comment upon and make changes to this Agreement. This Agreement shall be fairly interpreted in accordance with its terms without any strict construction in favor of or against either party, and ambiguities shall not be interpreted against the drafting party.

Toll Bros., Inc.                          Dryvit Systems, Inc.

By:_____               By:_____

Name:                                     Name:

- 5 -

Imperial Stucco, LLC                    Imperial Stucco, Inc.

By:_____            By:_____

Name:                                   Name:

_____
        Gill Levesque

189937.1

- 6 -

## SETTLEMENT AGREEMENT AND RELEASES

THIS SETTLEMENT AGREEMENT AND RELEASES (the "Agreement") is made as of the ____ day of August 2006 by and among Toll Bros., Inc. ("Toll Bros."), Dryvit Systems, Inc. ("Dryvit"), Imperial Stucco, Inc. ("Imperial Stucco"), Gill Levesque ("Levesque") and Imperial Stucco, LLC ("Imperial Stucco LLC") (collectively, the "Parties").

WHEREAS, Toll Bros. commenced suit against Dryvit, Imperial Stucco, Imperial Stucco, LLC and Levesque in the Superior Court of Connecticut, captioned Toll Bros., Inc. v. Dryvit Systems, Inc., et al., Docket No, CV-02-0398076-S (the "Action"); and

WHEREAS, the Action was removed to the United Sates District Court for the District of Connecticut [Docket No. 3:02 CV 2109 (SRU)], and thereafter transferred by Order of the Judicial Panel on Multidistrict Litigation to the United States District Court for the Eastern District of North Carolina (MDL-1132; No. 5:03-CV-175-BR); and

WHEREAS, Dryvit, Imperial Stucco, Imperial Stucco LLC and Levesque denied the material allegations asserted against them in the Action; and

WHEREAS, the Parties conducted discovery in the Action; and

WHEREAS, summary judgment was granted in favor of defendants Dryvit, Imperial Stucco, Imperial Stucco, LLC and Levesque by the Honorable Earl Britt, U.S.D.J. by Order filed on July 13, 2004, and

WHEREAS, the United States Court of Appeals for the Fourth Circuit affirmed in part and revered in part the decision and Order of the Hon. Earl Britt; and

WHEREAS, the Action was transferred back to the United States District Court for the District of Connecticut for the completion of discovery and trial; and

WHEREAS, the Parties now desire to settle their disputes;

NOW, THEREFORE, in consideration of the foregoing premises and the respective mutual promises, covenants, agreements and representations hereinafter set forth, the Parties hereto agree as follows:

1.    Dryvit shall pay Toll Bros. the total sum of forty five thousand dollars ($45,000) within thirty (30) days of the date of this Agreement, in full and final settlement of all claims against Dryvit, Imperial Stucco, Imperial Stucco LLC and Levesque.  Payment shall be made by check payable to "Toll Bros., Inc."

2.    Toll Bros., for itself and its predecessors, successors, affiliates, subsidiaries, divisions, assigns, agents, officers, directors, shareholders, attorneys and current and former employees, hereby irrevocably releases, acquits and forever discharges Dryvit, Imperial Stucco, Imperial Stucco LLC and Levesque, and their predecessors, parent companies, subsidiaries, divisions, affiliates, successors, assigns, agents, officers, directors, shareholders, attorneys and current and former employees from any and all charges, complaints, claims, actions, causes of action, promises, agreements, demands, losses, damages and expenses (including attorneys' fees and costs actually incurred), of any nature whatsoever which Toll Bros. now has, owns or holds, or claims to have, own or hold, or which Toll Bros. at any time heretofore had owned or held or claimed to have had, owned or held, or which Toll Bros. may hereafter discover, whether known or unknown, as against Dryvit, Imperial Stucco, Imperial Stucco LLC and Levesque, relating to any act, conduct, transaction, dealing or omission occurring prior to this date.  Without limiting the generality of foregoing, Toll Bros. specifically releases, acquits and discharges Dryvit, Imperial Stucco, Imperial Stucco LLC and Levesque of any claims, causes of action, injunctions, damages and losses, which have or could have been asserted in or in connection with the Action.

- 2 -

3.    Imperial Stucco, Imperial Stucco LLC and Levesque, for themselves and their predecessors, successors, affiliates, subsidiaries, divisions, assigns, agents, officers, directors, shareholders, attorneys and current and former employees, hereby irrevocably release, acquit and forever discharge Dryvit, and its predecessors, parent companies, subsidiaries, divisions, affiliates, successors, assigns, agents, officers, directors, shareholders, attorneys and current and former employees from any and all charges, complaints, claims, actions, causes of action, promises, agreements, demands, losses, damages and expenses (including attorneys' fees and costs actually incurred), of any nature whatsoever which Imperial Stucco, Imperial Stucco LLC and Levesque now have, own or hold, or claim to have, own or hold, or which Imperial Stucco, Imperial Stucco LLC and Levesque at any time heretofore had owned or held or claimed to have had, owned or held, or which Imperial Stucco, Imperial Stucco LLC and Levesque may hereafter discover, whether known or unknown, as against Dryvit, relating to any act, conduct, transaction, dealing or omission which have or could have been asserted in or in connection with the Action.

4.    Dryvit, for itself and its predecessors, successors, affiliates, subsidiaries, divisions, assigns, agents, officers, directors, shareholders, attorneys and current and former employees, hereby irrevocably releases, acquits and forever discharges Imperial Stucco, Imperial Stucco LLC and Levesque, and their predecessors, parent companies, subsidiaries, divisions, affiliates, successors, assigns, agents, officers, directors, shareholders, attorneys and current and former employees from any and all charges, complaints, claims, actions, causes of action, promises, agreements, demands, losses, damages and expenses (including attorneys' fees and costs actually incurred), of any nature whatsoever which Dryvit now has, owns or holds, or claims to have, own or hold, or which Dryvit at any time heretofore had owned or held or

- 3 -

claimed to have had, owned or held, or which Dryvit may hereafter discover, whether known or unknown, as against Imperial Stucco, Imperial Stucco LLC and Levesque, relating to any act, conduct, transaction, dealing or omission which have or could have been asserted in or in connection with the Action.

5.    The Parties agree to keep confidential, and not to disclose, the terms and conditions of the settlement and this Agreement.    Notwithstanding the foregoing, nothing contained herein is intended to or shall be construed to prevent any party from disclosing the terms and conditions of the settlement and this Agreement should it be compelled to do so by law.    However, before any disclosure compelled by law is made, the party compelled shall provide the other party at least ten (10) days notice of its intent to make the disclosure, by facsimile and overnight mail to the attention of the person signing this Agreement on the other party's behalf, to allow the other party an opportunity to challenge or bar the disclosure.

6.    Nothing contained or referred to herein, including without limitation the negotiation, execution and performance of this Agreement, shall constitute an admission or concession of liability or wrongdoing on the part of Dryvit, Imperial Stucco, Imperial Stucco LLC and Levesque, or an admission or acknowledgement of any allegation in the Action. Dryvit, Imperial Stucco, Imperial Stucco LLC and Levesque deny liability to Toll Bros. and all allegations made by Toll Bros. in the Action.

7.    This Agreement is the final and complete expression of the agreement of the Parties on the subject matters set forth herein.    None of the Parties is entering into this Agreement in reliance upon any oral or written promises, inducements, representations, understandings, interpretations or agreements other than those expressly contained in this Agreement.    This Agreement may not be amended or modified except by a writing signed by the

- 4 -

Parties. No provision of this Agreement may be waived unless the waiver is in writing and signed by the Party charged to have made the waiver.

8. Upon payment to Toll Bros. of the amount set forth in ¶1 of this Settlement Agreement and Releases, Toll Bros. shall immediately file a Stipulation of Dismissal With Prejudice and Without Costs with the Court, and shall take whatever other action is necessary to confirm with the Courts that the Action has been settled and shall be dismissed with prejudice.

9. Each of the Parties represents and warrants that it has the full power and authority to enter into this Agreement. Each signatory to this Agreement who signs on behalf of a Party represents and warrants that he or she has the authority to sign on behalf of that Party.

10. Each Party represents and warrants that it was represented by competent counsel with respect to this Agreement and all matters covered by it, and has been fully advised by said counsel with respect to its rights and obligations.

11. The language and wording of this Agreement shall not be presumptively construed in favor of or against either of the Parties hereto. Each Party has had an opportunity to comment upon and make changes to this Agreement. This Agreement shall be fairly interpreted in accordance with its terms without any strict construction in favor of or against either party, and ambiguities shall not be interpreted against the drafting party.

Toll Bros., Inc.                          Dryvit Systems, Inc.

By:_____              By:_____

Name:                                     Name:

-5-

Imperial Stucco, LLC                          Imperial Stucco, Inc.

By:_____

                                              By:_____
Name:
                                              Name:


_____
        Gill Levesque

189937.1

Toll Bros., Inc.

By: _John K. McDonald_

Name: JOHN K. McDONALD
V.P. AND COUNSEL

Dryvit Systems, Inc.

By:_____

Name:


Imperial Stucco, LLC

By:_____

Name:

Imperial Stucco, Inc.

By:_____

Name:


_____
        Gill Levesque

189937.1

-6-

## SETTLEMENT AGREEMENT AND RELEASES

THIS SETTLEMENT AGREEMENT AND RELEASES (the "Agreement") is made as of the _18th_ day of August 2006 by and among Toll Bros., Inc. ("Toll Bros."), Dryvit Systems, Inc. ("Dryvit"), Imperial Stucco, Inc. ("Imperial Stucco"), Gill Levesque ("Levesque") and Imperial Stucco, LLC ("Imperial Stucco LLC") (collectively, the "Parties").

WHEREAS, Toll Bros. commenced suit against Dryvit, Imperial Stucco, Imperial Stucco, LLC and Levesque in the Superior Court of Connecticut, captioned Toll Bros., Inc. v. Dryvit Systems, Inc., et al., Docket No, CV-02-0398076-S (the "Action"); and

WHEREAS, the Action was removed to the United Sates District Court for the District of Connecticut [Docket No. 3:02 CV 2109 (SRU)], and thereafter transferred by Order of the Judicial Panel on Multidistrict Litigation to the United States District Court for the Eastern District of North Carolina (MDL-1132; No. 5:03-CV-175-BR); and

WHEREAS, Dryvit, Imperial Stucco, Imperial Stucco LLC and Levesque denied the material allegations asserted against them in the Action; and

WHEREAS, the Parties conducted discovery in the Action; and

WHEREAS, summary judgment was granted in favor of defendants Dryvit, Imperial Stucco, Imperial Stucco, LLC and Levesque by the Honorable Earl Britt, U.S.D.J. by Order filed on July 13, 2004, and

WHEREAS, the United States Court of Appeals for the Fourth Circuit affirmed in part and revered in part the decision and Order of the Hon. Earl Britt; and

WHEREAS, the Action was transferred back to the United States District Court for the District of Connecticut for the completion of discovery and trial; and

WHEREAS, the Parties now desire to settle their disputes;

NOW, THEREFORE, in consideration of the foregoing premises and the respective mutual promises, covenants, agreements and representations hereinafter set forth, the Parties hereto agree as follows:

1.     Dryvit shall pay Toll Bros. the total sum of forty five thousand dollars ($45,000) within thirty (30) days of the date of this Agreement, in full and final settlement of all claims against Dryvit, Imperial Stucco, Imperial Stucco LLC and Levesque.  Payment shall be made by check payable to "Toll Bros., Inc."

2.     Toll Bros., for itself and its predecessors, successors, affiliates, subsidiaries, divisions, assigns, agents, officers, directors, shareholders, attorneys and current and former employees, hereby irrevocably releases, acquits and forever discharges Dryvit, Imperial Stucco, Imperial Stucco LLC and Levesque, and their predecessors, parent companies, subsidiaries, divisions, affiliates, successors, assigns, agents, officers, directors, shareholders, attorneys and current and former employees from any and all charges, complaints, claims, actions, causes of action, promises, agreements, demands, losses, damages and expenses (including attorneys' fees and costs actually incurred), of any nature whatsoever which Toll Bros. now has, owns or holds, or claims to have, own or hold, or which Toll Bros. at any time heretofore had owned or held or claimed to have had, owned or held, or which Toll Bros. may hereafter discover, whether known or unknown, as against Dryvit, Imperial Stucco, Imperial Stucco LLC and Levesque, relating to any act, conduct, transaction, dealing or omission occurring prior to this date.  Without limiting the generality of foregoing, Toll Bros. specifically releases, acquits and discharges Dryvit, Imperial Stucco, Imperial Stucco LLC and Levesque of any claims, causes of action, injunctions, damages and losses, which have or could have been asserted in or in connection with the Action.

- 2 -

3.    Imperial Stucco, Imperial Stucco LLC and Levesque, for themselves and their predecessors, successors, affiliates, subsidiaries, divisions, assigns, agents, officers, directors, shareholders, attorneys and current and former employees, hereby irrevocably release, acquit and forever discharge Dryvit, and its predecessors, parent companies, subsidiaries, divisions, affiliates, successors, assigns, agents, officers, directors, shareholders, attorneys and current and former employees from any and all charges, complaints, claims, actions, causes of action, promises, agreements, demands, losses, damages and expenses (including attorneys' fees and costs actually incurred), of any nature whatsoever which Imperial Stucco, Imperial Stucco LLC and Levesque now have, own or hold, or claim to have, own or hold, or which Imperial Stucco, Imperial Stucco LLC and Levesque at any time heretofore had owned or held or claimed to have had, owned or held, or which Imperial Stucco, Imperial Stucco LLC and Levesque may hereafter discover, whether known or unknown, as against Dryvit, relating to any act, conduct, transaction, dealing or omission which have or could have been asserted in or in connection with the Action.

4.    Dryvit, for itself and its predecessors, successors, affiliates, subsidiaries, divisions, assigns, agents, officers, directors, shareholders, attorneys and current and former employees, hereby irrevocably releases, acquits and forever discharges Imperial Stucco, Imperial Stucco LLC and Levesque, and their predecessors, parent companies, subsidiaries, divisions, affiliates, successors, assigns, agents, officers, directors, shareholders, attorneys and current and former employees from any and all charges, complaints, claims, actions, causes of action, promises, agreements, demands, losses, damages and expenses (including attorneys' fees and costs actually incurred), of any nature whatsoever which Dryvit now has, owns or holds, or claims to have, own or hold, or which Dryvit at any time heretofore had owned or held or

- 3 -

claimed to have had, owned or held, or which Dryvit may hereafter discover, whether known or unknown, as against Imperial Stucco, Imperial Stucco LLC and Levesque, relating to any act, conduct, transaction, dealing or omission which have or could have been asserted in or in connection with the Action.

5.    The Parties agree to keep confidential, and not to disclose, the terms and conditions of the settlement and this Agreement.  Notwithstanding the foregoing, nothing contained herein is intended to or shall be construed to prevent any party from disclosing the terms and conditions of the settlement and this Agreement should it be compelled to do so by law.  However, before any disclosure compelled by law is made, the party compelled shall provide the other party at least ten (10) days notice of its intent to make the disclosure, by facsimile and overnight mail to the attention of the person signing this Agreement on the other party's behalf, to allow the other party an opportunity to challenge or bar the disclosure.

6.    Nothing contained or referred to herein, including without limitation the negotiation, execution and performance of this Agreement, shall constitute an admission or concession of liability or wrongdoing on the part of Dryvit, Imperial Stucco, Imperial Stucco LLC and Levesque, or an admission or acknowledgement of any allegation in the Action. Dryvit, Imperial Stucco, Imperial Stucco LLC and Levesque deny liability to Toll Bros. and all allegations made by Toll Bros. in the Action.

7.    This Agreement is the final and complete expression of the agreement of the Parties on the subject matters set forth herein.  None of the Parties is entering into this Agreement in reliance upon any oral or written promises, inducements, representations, understandings, interpretations or agreements other than those expressly contained in this Agreement.  This Agreement may not be amended or modified except by a writing signed by the

- 4 -

Parties. No provision of this Agreement may be waived unless the waiver is in writing and signed by the Party charged to have made the waiver.

       8.    Upon payment to Toll Bros. of the amount set forth in ¶1 of this Settlement Agreement and Releases, Toll Bros. shall immediately file a Stipulation of Dismissal With Prejudice and Without Costs with the Court, and shall take whatever other action is necessary to confirm with the Courts that the Action has been settled and shall be dismissed with prejudice.

       9.    Each of the Parties represents and warrants that it has the full power and authority to enter into this Agreement. Each signatory to this Agreement who signs on behalf of a Party represents and warrants that he or she has the authority to sign on behalf of that Party.

      10.    Each Party represents and warrants that it was represented by competent counsel with respect to this Agreement and all matters covered by it, and has been fully advised by said counsel with respect to its rights and obligations.

      11.    The language and wording of this Agreement shall not be presumptively construed in favor of or against either of the Parties hereto. Each Party has had an opportunity to comment upon and make changes to this Agreement. This Agreement shall be fairly interpreted in accordance with its terms without any strict construction in favor of or against either party, and ambiguities shall not be interpreted against the drafting party.

Toll Bros., Inc.               Dryvit Systems, Inc.

By:_____      By: _____ 8/16/06

Name:                    Name: Kenneth J. Nota
                           Vice President & General Counsel

Imperial Stucco, LLC

By:_____

Name:

Imperial Stucco, Inc.

By:_____

Name:


_____
     Gill Levesque

189937.1

-6-